**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:21-CR-190(1)-CRW** |
| | § | |
| **KELVIN LAMONT SIMMONS** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE CHRISTOPHER R. WOLFE,
         UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), United States Code Title 18, Section 3401(i), the Court's standing Magistrate Referral Order, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Defendant Kelvin Lamont Simmons's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

On June 28, 2022, Simmons pled guilty to violations of United States Code Title 18, Sections 922(g)(1) and 924(a)(2), Possession of a Firearm by a Convicted Felon. United States District Judge Alan D Albright sentenced Simmons to a 41-month term of imprisonment with a three-year period of supervised release to follow. Judge Albright also imposed a $200 fine and $100 special assessment. As of May 20, 2026, Simmons has paid his special assessment and has an outstanding balance of $25 on the fine. Simmons began his term of supervised release on

November 7, 2024.

On March 20, 2026, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging that Simmons violated the terms of his supervision in the following ways:

**Violation Number 1:** Simmons violated Mandatory Condition Number 1—he committed another federal, state, or local crime during his term of supervision.

**Violation Number 2:** Simmons violated Standard Condition Number 3—he failed to notify his probation officer that a law enforcement officer had arrested or questioned him within 72 hours of the arrest or questioning.

**Violation Number 3:** Simmons violated Standard Condition Number 2—he shall not communicate or interact with someone he knows is engaged in criminal activity, and if he knows someone is a convicted felon, he shall not knowingly communicate or interact with them without receiving his probation officer's permission first.

**Violation Number 4:** Simmons violated Mandatory Condition Number 3—he failed to refrain from any unlawful use of a controlled substance.

**Violation Number 5:** Simmons violated Mandatory Condition Number 1—he committed another federal, state, or local crime during his term of supervision.

On June 9, 2026, the Court held a hearing on the petition. At the hearing, Simmons pled **NO CONTEST** to all violations. The petition contained a sufficient factual basis to support his pleas of **NO CONTEST** .

## II.  FINDINGS OF THE COURT

Based on Simmons's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1.    Simmons violated the conditions of his supervision as alleged in the petition.

2.    Simmons was competent to make the decision to enter pleas of **NO CONTEST**.

3.    Simmons had both a factual and rational understanding of the proceedings against him.

4.      Simmons did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.      Simmons was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.      Simmons was sane and mentally competent to stand trial for these proceedings.

7.      Simmons was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.      Simmons received a copy of the petition naming him, and he either read it or had it read to him.

9.      Simmons understood the petition and the charges alleged against him.

10.     Simmons had a sufficient opportunity to discuss the petition and charges with his attorney.

11.     Simmons was satisfied with the job his attorney has done and had no complaints about his attorney.

12.     Simmons understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.     Simmons freely, intelligently, and voluntarily entered his pleas of **NO CONTEST**.

14.     Simmons understood his statutory and constitutional rights and desired to waive them.

15.     The petition contains a sufficient factual basis to support Simmons's pleas of **NO CONTEST**.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the District Judge **REVOKE** Simmons's supervised release and sentence him to the following:

(1) a 12-month and one day term of imprisonment, including credit for any time already served since his arrest; and

(2) no period of supervised release to follow.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** this 9th day of June, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE